# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **FIRST FINANCIAL BANK,** | |
| 255 E. Fifth Street | Case No. 1:22-cv-00698 |
| Suite 700 | |
| Cincinnati, OH 45202 | Judge _____ |
| **Plaintiff,** | Magistrate _____ |
| v. | |
| | **COMPLAINT FOR INJUNCTIVE** |
| **DENIS KNAPSCHAEFER** | **RELIEF AND DAMAGES** |
| 605 19th Avenue South | |
| North Myrtle Beach, SC 29582 | |
| and | |
| **NOVUS ADVISORS, LLC** | |
| c/o Jennifer Belshe, Statutory Agent | |
| 607 Pendleton Street, Suite 101-B | |
| Greenville, SC 29601 | |
| **Defendants.** | |

Plaintiff First Financial Bank ("First Financial" or the "Company"), for its Complaint for Injunctive Relief and Damages against Defendants Denis Knapschaefer ("Knapschaefer") and Novus Advisors, LLC ("Novus") (collectively, "Defendants"), states as follows:

### INTRODUCTION

1. First Financial seeks preliminary and permanent injunctive relief and damages against its former employee Knapschaefer and its competitor Novus based on Knapschaefer's breaches of his contractual obligations owed to First Financial and Novus' tortious interference with contract, all as more fully described below.

1

2. Knapschaefer is a former long-time employee of First Financial.  The agreement he signed in exchange for receiving restricted stock from First Financial expressly prohibits him from: (a) soliciting First Financial's clients for one year after the end of his employment; (b) soliciting First Financial's employees for one year after the end of his employment; and (c) using any First Financial confidential information to compete unfairly.

3. Knapschaefer is currently employed by Novus, which directly competes with First Financial in the financial services industry.  Knapschaefer has solicited a significant number of First Financial clients – who have a significant amount of financial assets – over to Novus, in direct breach of the contractual obligations that Knapschaefer owes to First Financial.

4. If Knapschaefer is permitted to continue soliciting First Financial's clients and employees, First Financial will be irreparably harmed.

5. Injunctive relief is necessary to protect First Financial against irreparable harm. The one-year agreement restricting solicitations of First Financial's clients and employees is reasonable and must be enforced.

**PARTIES**

6. First Financial is a corporation organized and existing under the laws of Ohio doing business in the State of Ohio and having its principal place of business in Hamilton County, Ohio.

7. Knapschaefer is a former employee of First Financial who is currently employed by Novus and who, upon information and belief, is domiciled at 605 19th Avenue South, North Myrtle Beach, South Carolina 29582.

8. Novus is a limited liability company organized and existing under the laws of South Carolina and which, upon information and belief, is doing business at 607 Pendleton St.

Greenville, South Carolina 29601. Upon further information and belief, none of the members of Novus are domiciled in the State of Ohio.

## JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is over $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Knapschaefer because he was employed by First Financial in the State of Ohio. He also signed the governing contract in the State of Ohio and the contract expressly designates the laws of the State of Ohio as the applicable law.

11. The Court has personal jurisdiction over Novus because it purposefully availed itself of the laws of the State of Ohio by hiring Knapschaefer, by hiring at least one other Ohio-based employee, and by accepting business from many former First Financial clients based in Ohio.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within this District, and Defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

13. First Financial is a commercial bank and trust company providing a variety of services to clients, including but not limited to, personal banking services, trust and estate services, financial planning, retirement planning, and investment solutions.

14. Similar to First Financial, Novus provides a variety of services to clients, including 401(k) planning and consulting, financial and retirement planning, and investment management services. The services Novus provides compete directly with those of First Financial.

**KNAPSCHAEFER'S EMPLOYMENT WITH FIRST FINANCIAL**

15. Knapschaefer began his employment with First Financial in 1996.

16. Most recently during his employment with First Financial, Knapschaefer worked in the Wealth Management group and held the position of Wealth Advisor III.

17. As a Wealth Advisor III for First Financial, Knapschaefer's office was located in Northwest Ohio and his territory was the entire Northern Ohio market, covering 13 different branches of First Financial and a substantial client base.

18. As a Wealth Advisor III, Knapschaefer's primary job responsibilities included, *inter alia*, serving as the client's primary point of contact with First Financial; developing perspectives on clients by gathering personal data and information about a client's financial situation, goals, objectives and risk; delivering annual investment reviews and periodic portfolio strategy updates to clients; utilizing financial planning to drive client retention and acquisition; and serving on the First Financial Investment Committee as a client advocate and strategy consultant.

19. Knapschaefer's job responsibilities with First Financial allowed him to build direct relationships with a large number of First Financial's Wealth Management group's clients.

20. First Financial compensated Knapschaefer generously during his employment. When he resigned in July 2022, Knapschaefer's annual base salary was $104,529.77. His total annual compensation at the end of his employment with First Financial, including incentive compensation, was $116,919.43.

4

## KNAPSCHAEFER'S AGREEMENT WITH FIRST FINANCIAL

21. In March 2018, First Financial awarded Knapschaefer a restricted stock award.

22. In consideration for being awarded the restricted stock, Knapschaefer signed an Agreement for Restricted Stock Award ("Agreement") dated March 6, 2018, agreeing to "**all** of the terms and conditions" of the Agreement. A true and accurate copy of the Agreement is attached as Exhibit 1 and incorporated herein by reference.

23. Paragraph 13(a) of the Agreement contains the following restriction prohibiting Knapschaefer from soliciting First Financial's clients for one year after the end of his employment with First Financial:

> <u>Non-solicitation of Clients.</u>  During the Grantee's employment with the Corporation or any Affiliated Companies (as defined below) and for a period of one year after Grantee is no longer employed by any Affiliated Companies, Grantee shall not, directly or indirectly, whether individually or as a shareholder or other owner, partner, member, director, officer, employee, independent contractor, creditor or agent of any person (other than for the Corporation or any Affiliated Companies):
>
> (i) Solicit (as defined below)[1] any person or entity located in the Restricted Territory[2] for the provision of any Restricted Services[3];
>
> (ii) Solicit or attempt in any manner to persuade any Client of any Affiliated Company to cease to do business, to refrain from doing business or to reduce the amount of business which any Client has customarily done or contemplates doing with any of the Affiliated Companies; or
>
> (iii) Interfere with or damage (or attempt to interfere with or damage) any relationship between any Affiliated Company and any Client.

---

[1] "Solicit" is defined in Paragraph 13(b)(vi) of the Agreement as "any direct or indirect communication of any kind whatsoever, regardless of by whom initiated, inviting, advising, persuading, encouraging or requesting any person or entity, in any manner, to take or refrain from taking any action" but not including general advertisements.

[2] "Restricted Territory" is defined in Paragraph 13(d)(v) of the Agreement as "anywhere in the geographic area consisting of any county in which any of the Affiliated Companies operate banking offices at any time during the Grantee's employment with the Corporation or any Affiliated Companies."

[3] "Restricted Services" is defined in Paragraph 13(d)(iv) of the Agreement as "any banking, savings banking, mortgage lending, or any similar lending or banking services."

24. Paragraph 13(b) of the Agreement contains the following restriction prohibiting Knapschaefer from soliciting First Financial's employees for one year after the end of his employment with First Financial:

<u>Non-solicitation of Employees; No Hire.</u>  During the Grantee's employment with the Corporation or any Affiliated Companies and for a period of one year after Grantee is no longer employed by the Corporation or any Affiliated Companies, Grantee shall not, directly or indirectly, whether individually or as a shareholder or other owner, partner, member, director, officer, employee, independent contractor, creditor or agent of any person (other than for any Affiliated Company):

  (i) Solicit any employee, officer, director, agent or independent contractor of any Affiliated Company to terminate his or her relationship with, or otherwise refrain from rendering services to, any Affiliated Company, or otherwise interfere or attempt to interfere in any way with any Affiliated Company's relationship with any of its employees, officers, directors, agents or independent contractors; or

  (ii) Hire, attempt to hire, employ or engage any person who, at any time within the two-year period immediately preceding such hire, or attempt to hire, employment or engagement, was an employee, officer or director of any Company or Affiliated Company.

25. Paragraph 13(c) of the Agreement contains the following restriction prohibiting Knapschaefer from disclosing First Financial's confidential information:

<u>Non-disclosure of Confidential Information.</u>

  (i) During Grantee's employment with Corporation or any Affiliated Company and after the termination of such employment for any reason, Grantee shall not, without the prior written consent of the General Counsel of Corporation (or such person's designee) or as may be otherwise required by law or legal process, communicate or divulge any Confidential information to any person or entity other than Corporation or an Affiliated Company, their employees, and those designated by Corporation or an Affiliated Corporation, or use any Confidential Information except for the benefit of Corporation or an Affiliated Company.  Upon service to Grantee of any subpoena, court order or other legal process requiring Grantee to disclose Confidential Information, Grantee shall immediately provide written notice to Corporation of such service and the content of any Confidential Information to be disclosed.

6

    (ii)  Immediately upon the termination of Grantee's employment with Corporation or an Affiliated Company for any reason, Grantee shall return to Corporation or the applicable Affiliated Company all Confidential Information in Grantee's possession, including but not limited to any and all copies, reproductions, notes, or extracts of Confidential Information in paper and electronic form.

  26.  The Agreement defines the phrase "Confidential Information" at Paragraph 13(d)(iii). First Financial's Confidential Information includes its financial information; information relating to business operations; services; promotional practices; relationships with customers, suppliers, employees, independent contractors, or other parties; customer/client lists; and customer/client account information.

  27.  Paragraph 13(e) of the Agreement contains the following enforcement provision:

<u>Enforcement; Remedies; Blue Pencil.</u>  Grantee acknowledges that: (i) the various covenants, restrictions, and obligations set forth in this Section 13 are separate and independent obligations, and may be enforced separately or in any combination; (ii) the provision of this Section 13 are fundamental and essential for the protection of the Corporation's and the Affiliated Companies' legitimate business and proprietary interests, and the Affiliated Companies (other than the Corporation) are intended third-party beneficiaries of such provisions; (iii) such provisions are reasonable and appropriate in all respects and impose no undue hardship on Grantee; and (iv) in the event of any violation by Grantee of any such provisions, the Corporation and, if applicable, the Affiliated Companies, will suffer irreparable harm and their remedies at law may be inadequate.  In the event of any violation or attempted violation of any provision of this Section 13 by Grantee, the Corporation and the Affiliated Companies, or any of them, as the case may be, shall be entitled to a temporary restraining order, temporary and permanent injunctions, specific performance, and other equitable relief, without any showing of irreparable harm or damage or the posting of any bond, in addition to any other rights or remedies that may then be available to them, including, without limitation, money damages and the cessation of the payment or provision of the issuance of stock awards as contemplated under Section 6.  If any of the covenants set forth in this Section 13 is finally held to be invalid, illegal or unenforceable (whether in whole or in part), such covenant shall be deemed modified to the extent, but only to the extent, of such invalidity, illegality or unenforceability, and the remaining such covenants shall not be affected thereby.

28. Paragraph 20 of the Agreement states that the Agreement will be governed by and interpreted in accordance with the laws of the State of Ohio.

**KNAPSCHAEFER "RETIRES" FROM FIRST FINANCIAL BUT BEGINS WORKING FOR NOVUS**

29. In July 2022, after 25 years of employment at First Financial, Knapschaefer told First Financial that he was "retiring."

30. At the time of Knapschaefer's "retirement" from First Financial, he worked with another employee named Stephen Semer ("Semer"), who held the position of Wealth Advisor II. First Financial had employed Semer for approximately three years at the time.

31. Upon information and belief, shortly after telling First Financial that he was retiring in July 2022, Knapschaefer moved to South Carolina.

32. Upon further information and belief, in or around July 2022, Novus Advisors hired Knapschaefer.

33. Novus directly competes with First Financial in the financial services industry.

34. Knapschaefer presently holds the title of Investment Advisor and Senior Vice President at Novus. Knapschaefer provides the same or substantially similar services to clients of Novus as he did at First Financial.

**KNAPSCHAEFER'S SOLCITATIONS OF FIRST FINANCIAL'S EMPLOYEE AND CLIENTS**

35. In August 2022, Semer resigned his employment with First Financial with no advance notice.

36. Shortly thereafter, Semer followed Knapschaefer to Novus and began employment there as a Senior Vice President.

37. Upon information and belief, Knapschaefer solicited Semer to follow him to Novus.

38. In August 2022, First Financial provided actual notice to Novus of Knapschaefer's Agreement with First Financial.

39. Since Knapschaefer's alleged retirement from First Financial, many of First Financial's Wealth Management group clients moved their funds out of First Financial accounts. Following investigation into the circumstances of these client transfers, First Financial learned that many of these clients had moved their funds to Novus for management.

40. Since leaving First Financial, Knapschaefer has solicited numerous First Financial clients to go to Novus, in violation of the Agreement.

41. Without limitation, Knapschaefer's solicitations of First Financial's clients have included communicating with and having lunch meetings with First Financial's clients to solicit their business.

42. Upon information and belief, Knapschaefer's solicitations of First Financial's clients have included making negative statements about First Financial intended to scare clients into believing that their money would be at risk if they stayed with First Financial, e.g., statements to the effect of "no one is managing your money" and "your money is at risk."

43. Some of the First Financial clients who Knapschaefer has solicited have transferred their assets to Novus. More specifically, at present, at least 37 clients of First Financial have transferred millions of dollars of assets out of First Financial to Novus, as a result, directly or indirectly, of Knapschaefer's solicitations.

44. Knapschaefer's solicitations of First Financial's clients and a First Financial employee on behalf of Novus have irreparably harmed First Financial, and continue to threaten to do so.

45. Knapschaefer's solicitations of First Financial's clients have resulted in a significant amount of business being diverted from First Financial to Novus, in violation of the Agreement.

46. Novus now services some or all of the First Financial clients who were solicited and diverted by Knapschaefer in violation of the Agreement.

47. Defendants' wrongful activities in violation of the Agreement and applicable law have caused and will continue to cause First Financial to suffer irreparable harm.

48. Due to the irreparable harm caused by Defendants' conduct and their refusal to honor their legal obligations, First Financial had no choice but to file this lawsuit to protect its rights.

## COUNT I – BREACH OF CONTRACT (AGAINST KNAPSCHAEFER ONLY)

49. First Financial incorporates by reference the allegations contained in the preceding paragraphs as if fully rewritten.

50. The Agreement is a valid and enforceable contract which imposes certain restrictions on Knapschaefer.

51. Pursuant to the Agreement, Knapschaefer agreed not to solicit, directly or indirectly, any employee of First Financial to terminate his employment with First Financial or interfere with the relationship between the two parties and not to hire any employee of First Financial from the past two years. Knapschaefer's employee non-solicitation obligation is for a period of one year following the end of his employment with First Financial.

52. Upon information and belief, Knapschaefer has breached his post-employment obligations to First Financial by soliciting at least one First Financial employee – Semer – to leave First Financial and go to Novus with Knapschaefer.

53. Pursuant to the Agreement, Knapschaefer agreed not to, directly or indirectly, solicit any client of First Financial, not to persuade them to cease doing business with First Financial, and not to damage or interfere with the relationship between the clients and First Financial. Knapschaefer's customer nonsolicitation obligation is for a period of one year following the end of his employment with First Financial.

54. Knapschaefer has breached, and continues to breach, his post-employment obligations by directly and indirectly soliciting and/or attempting to persuade First Financial clients to cease doing business with First Financial to go to Novus.

55. Knapschaefer has breached, and continues to breach, his post-employment obligations to First Financial by directly and indirectly interfering with and damaging, or attempting to do so, relationships between First Financial and its clients.

56. First Financial has legitimate business interests in protecting its confidential business information, including its clients' identities and sensitive financial information, and protecting its relationships with its clients and employees.

57. As a direct and proximate result of Knapschaefer's wrongful conduct, First Financial has suffered and will continue to suffer irreparable harm, as well as monetary damages. Such monetary damages are, however, insufficient to provide a full and complete remedy to First Financial.

58. Unless enjoined and ordered to specifically abide by the post-employment obligations in the Agreement by order of this Court, Knapschaefer will persist in his breaches of contract, thereby continuing to cause immediate, irreparable harm to First Financial.

59. First Financial has no adequate remedy at law, as the full value of revenue and profit presently being lost, or to be lost, due to Knapschaefer's breaches of contract is and will be difficult, if not impossible, to ascertain.

60. First Financial can demonstrate it is likely to succeed on the merits of its claims and that a balancing of the equities favors the issuance of injunctive relief enforcing the Agreement.

61. Further, pursuant to Section 13(e) of the Agreement, Knapschaefer agreed that First Financial is entitled to injunctive relief upon Knapschaefer breaching or attempting to breach the Agreement.

**COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT (AGAINST NOVUS ONLY)**

62. First Financial incorporates by reference the allegations contained in the preceding paragraphs as if fully rewritten.

63. The Agreement between First Financial and Knapschaefer is a valid and enforceable contract which imposes certain obligations on Knapschaefer.

64. Novus has had, at all relevant times, knowledge of the Agreement between Knapschaefer and First Financial, including but not limited to knowledge of the non-solicitation and non-disclosure obligations he owes to First Financial.

65. Novus has caused or seeks to cause Knapschaefer to breach the terms of the Agreement with First Financial by hiring at least one former First Financial employee that Knapschaefer solicited, by aiding Knapschaefer in soliciting First Financial's clients, and/or by accepting business from the First Financial clients who Knapschaefer has solicited. These acts by Novus wrongfully interfered with the Agreement.

66. Novus has persisted in such conduct despite being notified of Knapschaefer's post-employment contractual obligations to First Financial and the continuing violations of those obligations.

67. As a direct and proximate result of Novus' wrongful conduct, First Financial has suffered and will continue to suffer irreparable harm.

68. First Financial has also incurred monetary damages in an amount believed to be in excess of $75,000, to be proven at trial but which are insufficient to provide First Financial a full and complete remedy.

69. Novus' conduct was wrongful, intentional and willful, in that it intended to harm First Financial's contractual interests.

70. Novus' conduct was not justified, privileged, or excusable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff First Financial Bank respectfully requests that the Court award the following relief to Plaintiff and against Defendants Denis Knapschaefer and Novus Advisors, LLC:

A. Enter an Order preliminarily and permanently enforcing the Agreement and enjoining Knapschaefer from directly or indirectly soliciting clients of First Financial;

B. Enter an Order preliminarily and permanently enforcing the Agreement and enjoining Knapschaefer from directly or indirectly interfering with or damaging the relationships between First Financial and any of its clients;

C. Enter an Order preliminarily and permanently enforcing the Agreement and enjoining Knapschaefer from directly or indirectly soliciting any employees of First Financial and/or interfering with their employment relationship in any way;

D. Enter an Order requiring Defendants to return any and all information of First Financial's in their possession or control within seven days of the

   entry of the Court's Order, including any and all information, documents, files, customer lists and any other information taken from First Financial.

E. Award First Financial compensatory damages arising out of Defendants' unlawful conduct for harm not susceptible to injunctive relief, in an amount to be determined at trial but in excess of Seventy-Five Thousand Dollars ($75,000);

F. Award First Financial punitive damages, attorneys' fees, expenses, interest, and costs pursuant to statute and/or common law; and

G. Grant First Financial such additional relief as is just and proper.

      Respectfully submitted,

      */s/ Robert D. Shank*
      Robert D. Shank (0069229)
      JACKSON LEWIS P.C.
      201 E. Fifth Street, 26th Floor
      Cincinnati, Ohio 45202
      (513) 898-0050 (Phone)
      (513) 898-0051 (Fax)
      Robert.Shank@Jacksonlewis.com

      *Attorney for Plaintiff First Financial Bank*

4875-6915-2063, v. 1