# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| FIRST FINANCIAL BANK, | : | Case No. 1:22-cv-698 |
|  | : |  |
| Plaintiff, | : | Judge Timothy S. Black |
|  | : |  |
| vs. | : |  |
|  | : |  |
| DENIS KNAPSCHAEFER, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |

## ORDER REQUESTING SUPPLEMENTAL BRIEFING

This civil action is before the Court on review of Defendants' joint motion to transfer venue to the United States District Court for the District of South Carolina (Doc. 17), and the parties' responsive memoranda (Docs. 22, 23).

In a case originally filed in federal district court, as is the case here, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under Section 1391, venue may be proper in more than one judicial district.

A district court has authority to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  Defendants move to transfer pursuant to Section 1404(a).  (Doc. 17).  Pursuant to Section 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *Id.*  "The purpose of this provision is to transfer actions brought in a **permissible** yet inconvenient forum."  *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009) (citing *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980)) (emphasis added).  The party moving to transfer venue bears "the burden of establishing the need for a transfer of venue."  *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012).

Alternatively, pursuant to Section 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  *Id.*  Section 1406 "applies to actions that are brought in an **impermissible** forum."  *Jackson*, 421 F. App'x at 483 (citing *Martin*, 623 F.2d at 471) (emphasis added).  Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper.  *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002).

After review of the parties' briefings and pleadings, the Court questions whether the Southern District of Ohio is a permissible forum.  The only tie to the Southern District of Ohio is seemingly First Financial Bank's principal place of business.  (Doc. 1

2

at ¶ 6).  Defendant Knapschaefer is a South Carolina resident and Defendant Novus

Advisors is a South Carolina limited liability company with no members who reside in

Ohio.  (*Id.* at ¶¶ 7-8; Doc. 16 at ¶ 8; Doc. 18 at ¶ 7; Doc. 23-2).  28 U.S.C. § 1391(b)(1).

Moreover, when Knapschaefer worked for First Financial Bank, "[his] office was

located in <u>Northwest</u> Ohio and his territory was the entire <u>Northern</u> Ohio market,

covering 13 different branches of First Financial and a substantial client base."  (*Id*. at ¶

17 (emphasis added); *see also* Doc. 22-1 at ¶ 6-8).  28 U.S.C. § 1391(b)(2).  And, since

resigning from First Financial Bank and starting work for Novus Advisors, Knapschaefer

has allegedly solicited his former clients and a former employee (who also served the

<u>Northwest</u> Ohio market) to join him at Novus.  (*E.g.*, Doc. 1 at ¶ 39; Doc. 22-1 at ¶ 10).

Thus, given the foregoing, it does not appear that the Southern District of Ohio is a

permissible forum, and, if it is not, the Court does not have authority to transfer the case

pursuant to 28 U.S.C. § 1404(a).[1]

Accordingly, the Court **REQUESTS** supplemental briefing.  Within **fourteen (14)**

**days** of this Order, either party may submit supplemental briefing discussing: (1) whether

the Southern District of Ohio is a permissible forum;[2] and (2) any waiver issues arising

therefrom.  The parties are further **ADVISED** that failure to timely submit additional

briefing demonstrating that the Southern District of Ohio is a proper forum (or that the

---

[1] Both Defendants challenge venue and personal jurisdiction in their Answers; however, neither Defendant moved to dismiss based on improper venue or lack of personal jurisdiction, and Defendant Novus Advisors asserted a counterclaim in this forum.  At this time, the Court is not making any finding concerning waiver of venue or personal jurisdiction.

[2] The parties may also discuss whether the Northern District of Ohio is a permissible forum.

issue has been waived), shall result in **dismissal <u>without</u> prejudice** pursuant to 28 U.S.C.

§ 1406(a).  *See Guava, LLC v. Doe*, No. 1:12 CV 02512, 2013 WL 950044, at *2 (N.D.

Ohio Mar. 11, 2013) ("Although courts generally refrain from *sua sponte* dismissal for

improper venue, such dismissal is properly within the court's discretion in certain

circumstances.") (collecting cases).

        **IT IS SO ORDERED.**

Date:    <u>4/12/2023</u>                                        <u>*s/Timothy S. Black*</u>
                                                         Timothy S. Black
                                                         United States District Judge