UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FIRST FINANCIAL BANK, | : | Case No. 1:22-cv-698 |
| Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| DENIS KNAPSCHAEFER, *et al.*, | : | |
| Defendants. | : | |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
FOR IMPROPER VENUE**

This civil case is before the Court on Defendants' motion to transfer venue (Doc. 17), the parties' responsive memoranda (Docs. 22, 23), and the parties' supplemental memoranda (Docs. 25, 26).

## I. BACKGROUND

According to the Complaint, Knapschaefer worked as a wealth advisor for First Financial Bank, an Ohio corporation with its principal place of business in Hamilton County, from 1996 until his resignation in July 2022. (*Id.* at ¶ 6, 15-20). When Knapschaefer worked for First Financial Bank, "[his] office was located in Northwest Ohio and his territory was the entire Northern Ohio market, covering 13 different branches of First Financial and a substantial client base." (*Id.* at ¶ 17; *see also* Doc. 22-1 at ¶ 6-8).

After Knapschaefer resigned from First Financial, he moved to South Carolina and began working for Novus Advisors, a limited liability company organized under the laws

of South Carolina with no members domiciled in Ohio. (Doc. 1 at ¶ 8; Doc. 16 at ¶ 8). Since starting his employment with Novus Advisors, Knapschaefer has allegedly solicited his former clients and a former employee (who also served the Northwest Ohio market) to join him at Novus. (*E.g.*, Doc. 1 at ¶ 39; Doc. 22-1 at ¶ 10).

On November 28, 2022, First Financial initiated this action in the Southern District of Ohio. (Doc. 1). Novus Advisors and Knapschaefer answered. (Docs. 16, 18). Novus Advisors and Knapschaefer also submitted a joint motion to change venue pursuant to 28 U.S.C. § 1404(a), suggesting that the District of South Carolina is a more convenient forum. (Doc. 17). After reviewing the parties' submissions (Docs. 17, 22, 23), the Court requested that the parties submit supplemental briefing. (Doc. 24). Specifically, the Court requested that the parties address whether the Southern District of Ohio was a permissible forum because, based on the pleadings, it appeared that no defendant resided in the Southern District of Ohio and the acts or omissions leading to the action did not occur in the Southern District of Ohio. (*Id.*) Both parties have since submitted supplemental briefing (Docs. 25, 26), and the Court now finds Defendants' joint motion to change venue ripe for review.

## II. STANDARD OF REVIEW

In a case originally filed in federal district court, a civil action may be brought in:

  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

2

>    substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391, venue may be proper in more than one judicial district.

When a case is filed in the wrong division or district, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When an objection to venue is raised, the plaintiff bears the burden of establishing that venue is proper. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002).

### III. ANALYSIS

After supplemental briefing, both parties agree that the Southern District of Ohio is an improper venue. (Doc. 25, 26). Thus, the Court must now dismiss the action, or, in the interest of justice, transfer the case to any district where it could have been brought. 28 U.S.C. § 1406(a); *see also First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998) ("The decision of whether to dismiss or transfer is within the district court's sound discretion.").

In its supplemental briefing, First Financial argues that the Court should transfer the action to the Northern District of Ohio because a substantial part of events giving rise to the claims occurred in Northern Ohio. (Doc. 25 at 4). First Financial then argues that the interest of justice supports transfer because the Northern District of Ohio may

3

exercise personal jurisdiction over Defendants and public interest weighs in favor of litigating a dispute with an Ohio company in Ohio. (Doc. 25 at 6, 13). In their supplemental briefing, Novus Advisors and Knapschaefer continue to argue that the action should be transferred to the District of South Carolina, as "the certain proper forum," or dismissed without prejudice. (Doc. 26 at 2).

Here, the Court finds that the interest of justice does not favor transfer to the Northern District of Ohio, and the action shall be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a). First Financial offers no explanation why this case was originally filed in the wrong district and makes no argument that it will suffer prejudice if the action is dismissed without prejudice. *See* 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed. 2023) (discussing how, although transfer is the normal procedure, district courts will dismiss a case when there is "no apparent prejudice to the plaintiff," or "if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and similar conduct should be discouraged"). Thus, First Financial has not shown that the interest of justice favors transfer.

True, First Financial makes a colorable argument that the action "could have been brought" in the Northern District of Ohio. Specifically, First Financial contends that the Northern District of Ohio is a proper venue because a substantial part of the events occurred in Northern Ohio and the interest of justice favors the Northern District of Ohio because the Northern District could exercise personal jurisdiction over Defendants. (Doc. 25 at 6, 13). However, Novus Advisors and Knapschaefer—who object to personal jurisdiction in their Answers (Doc. 16 at ¶ 73, Doc. 18 at ¶ 73)—have not been provided

4

the opportunity to respond these arguments.[1] Whether the Northern District of Ohio is a proper forum, or the most convenient forum, was argued by First Financial for the first time in supplemental briefing.[2] Accordingly, the interest of justice does not favor transfer. Rather, equity favors dismissal without prejudice because dismissal will allow First Financial to refile in a proper judicial district and will allow notice and opportunity for the parties to be heard on all venue and jurisdictional issues.[3]

## IV. CONCLUSION

Based upon the foregoing and pursuant to 28 U.S.C. § 1406(a), this case is **DISMISSED without prejudice** to refiling in a proper judicial district. Defendants' joint motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 17) is **DENIED as moot**. The Clerk shall docket a judgment accordingly, whereupon this case is **TERMINATED** in this Court.

**IT IS SO ORDERED.**

Date: 6/20/2023

s/Timothy S. Black
Timothy S. Black
United States District Judge

---

[1] This Court takes no opinion on whether the Northern District of Ohio may exercise personal jurisdiction over Defendants or any other arguments arising therefrom.

[2] The Court invited discussion on whether the Northern District of Ohio is a permissible venue when requesting supplemental briefing. (Doc. 24). However, First Financial's arguments largely focused on the Northern District of Ohio being a permissible venue due to personal jurisdiction. And Defendants, as already mentioned, have not been afforded an adequate opportunity to respond to such arguments.

[3] The Court similarly declines to transfer to the District of South Carolina. Although First Financial seemingly admits that the District of South Carolina would be a proper forum, venue may be proper in multiple forums and a plaintiff's choice of forum should be afforded weight.